**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Drema Lee BARTON, Defendant–Appellant.**

No. 93–5732.

United States Court of Appeals, Fourth Circuit.

Argued April 15, 1994.

Decided June 9, 1994.

ARGUED: C. Cooper Fulton, Asst. Federal Public Defender, Charleston, WV, for appellant. Michael O. Callaghan, Asst. U.S. Atty., Charleston, WV, for appellee. ON BRIEF: Hunt C. Charach, Federal Public Defender, Charleston, WV, for appellant. Charles T. Miller, U.S. Atty., Charleston, WV, for appellee.

Before RUSSELL and MICHAEL, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by published opinion. Judge TURK wrote the opinion, in which Judge RUSSELL and Judge MICHAEL joined.

## OPINION

TURK, District Judge:

Drema Lee Barton appeals the district court's revocation of her supervised release and six month prison sentence for violating the terms of her supervised release. Following a ten month sentence for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, appellant was serving a two year term of supervised release when a petition was filed charging her with a violation of the conditions of her release. Although the petition was filed within the two year period of her supervised release, the hearing before the district judge was held after the term. Barton moved to dismiss the petition, asserting that the district court lacked subject matter jurisdiction over her. The district court denied Barton's motion, revoked Barton's release and imposed a six month sentence of imprisonment. Barton appeals the jurisdictional issue. We affirm.

### I.

■ Drema Lee Barton's term of supervised release expired on August 6, 1993. Prior to its expiration, on July 13, 1993 a petition was filed charging that Barton violated a federal, state, or local law in violation of the conditions of her supervised release.[1] A revocation hearing was scheduled for July 29, 1993, but continued to August 23, 1993 at the request of the United States Attorney. Barton objected to the continuance, and then filed a motion to dismiss, asserting that the district court lacked jurisdiction to revoke her supervision after the period of supervised release expired on August 6, 1993. On August 23, 1993, Judge Faber denied Barton's motion, expressly relying on *United States v. Neville*, 985 F.2d 992 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 2425, 124 L.Ed.2d 646 (1993), for the proposition that a petition for revocation filed within the period

of supervision tolls the supervised release revocation statute. Judge Faber then revoked Barton's supervised release and sentenced her to six months imprisonment.

### II.

■ This is a case of first impression in the Fourth Circuit. The only issue on appeal is the question of jurisdiction. Jurisdiction is a question of law subject to *de novo* review. *Charter Federal Savings Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1643, 123 L.Ed.2d 265 (1993).

We agree with the Ninth Circuit that courts retain jurisdiction to hold hearings related to revocation of supervised release for a reasonable period after the term of release expires when a petition charging a violation of the conditions of supervised release is filed during the period of supervised release. *See Neville*, 985 F.2d at 994–99. Therefore, the district court properly exercised jurisdiction over appellant after her term of supervised release had expired.

■ We must interpret a statute in accordance with the plain meaning of the words it uses. *United States v. Ron Pair Enterprises*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989). The plain language of 18 U.S.C.§ 3583(e)(3),[2] which provides for revocation of supervised release, allows for a reasonable period of continued jurisdiction after the term of supervision ends by reference to the "Federal Rules of Criminal Procedure that are applicable to probation revocation...." Federal Rule of Criminal Procedure 32.1(a)(2) provides for a hearing "within a reasonable time" when a court is considering revocation of either probation or supervised release. If a petition is filed near the end of the supervisory period, the only logical construction of "within a reasonable time"

---

1.  Ms. Barton pled guilty to misdemeanor shoplifting in West Virginia magistrate court and was fined.

2.  18 U.S.C. § 3583(e)(3) provides that a court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, *pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation* and to the provisions of applicable policy statements issued by the Sentencing Commission, ..." (emphasis added).

is that a hearing may be held shortly after the supervisory period expires.

If the district court were to lose jurisdiction upon the lapse of the term of supervised release, persons who violated the conditions of their release near the end of the supervisory period would be immune to revocation. Under appellant's interpretation of § 3583, the only way to sanction a violator of supervised release toward the end of the term would be a constitutionally impermissible revocation of supervised release upon the filing of the petition for revocation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973) (probationer entitled to hearing when probation is revoked). Thus, in order to assure that late-term violators may have their release revoked while ensuring that they receive adequate due process, the district court's jurisdiction must extend past the end of the supervisory term. *See Neville*, 985 F.2d at 997.

■ Appellant argues that because a tolling provision is included in 18 U.S.C. § 3565, which governs revocation of probation,[3] but is not included in 18 U.S.C. § 3583, Congress did not intend for the district court's jurisdiction to continue beyond the term of supervised release. However, such an explanation does not comport with the history of the federal probation statute. Between 1949 and 1986 revocation of probation was governed by the former 18 U.S.C. § 3653, which, like § 3585, did not explicitly grant jurisdiction past the end of the term of probation. Courts uniformly held that jurisdiction continued after the probation term so long as formal revocation proceedings were commenced within the term of probation. *See United States v. Bazzano*, 712 F.2d 826, 835 (3d Cir.1983) (noting that "all the cases support this view"), *cert. denied, Mollica v. United States*, 465 U.S. 1078, 104 S.Ct. 1439,

79 L.Ed.2d 760 (1984). Title 18 U.S.C. § 3565(c), revised in 1984, limited rather than expanded the courts' jurisdiction after the term of probation expired.[4] It is illogical to presume that a lack of a post-release jurisdictional provision in § 3583 indicates a Congressional desire to change the courts' historic practice and oust them completely of jurisdiction after the period of supervised release expired when Congress went to the effort to enact a new provision merely to limit jurisdiction after a term of probation expires.

We therefore hold that district courts retain jurisdiction for a reasonable time after the period of supervised release expires in order to hold hearings on petitions relating to violations of the conditions of supervised release that were filed during the pendency of the term of supervised release.

The judgment of the district court is therefore

*AFFIRMED.*

---

**3.** 18 U.S.C. § 3565(c) provides, "[t]he power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."

**4.** Under the old statute, if a violation occurred during the probationary period, the court retained jurisdiction to revoke probation if the warrant or summons issued prior to the five-year maximum term of probation permitted under § 3651, even if the defendant had received less than five years of probation. By contrast, § 3565(c) requires that the warrant be issued prior to the expiration of the defendant's actual term of probation.