UNITED STATES of America, Appellee,

v.

Charles MORALES, Defendant–Appellant.

No. 345, Docket 94–1150.

United States Court of Appeals,
Second Circuit.

Argued Nov. 7, 1994.

Decided Jan. 25, 1995.

Gary D. Weinberger, Hartford, CT, Asst. Federal Public Defender (Thomas G. Dennis, Federal Public Defender, of counsel), for defendant-appellant.

Theodore B. Heinrich, New Haven, CT, Asst. U.S. Atty. for the D. of Connecticut (Christopher F. Droney, U.S. Atty., for the D. of Connecticut, of counsel), for appellee.

Before: FEINBERG, KEARSE and CARDAMONE, Circuit Judges.

FEINBERG, Circuit Judge:

Charles Morales appeals from an order of the United States District Court for the District of Connecticut, Alan H. Nevas, J., holding that it retained jurisdiction to extend and modify his term of supervised release. Morales had pled guilty to a violation of the narcotics laws, and had received a prison sentence followed by a period of supervised release. During that period, the district court issued a summons and order to show cause why the supervised release should not be revoked. Although the summons was issued during the period of Morales's supervised release, a hearing was not held until after the date on which the supervisory period was due to expire. Morales moved to dismiss, asserting that the district court no longer had jurisdiction pursuant to 18 U.S.C. § 3583(e). The district court denied Morales's motion, extended his supervised release period by 22 months and added various conditions. Morales is currently subject to this extended term of supervised release. He appeals on the jurisdictional issue. We affirm.

## I. Background

In December 1988, Morales pled guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Morales was sentenced to 24 months in prison, followed by three years of supervised release. His supervised release term began on December 21, 1990 and was to end on December 20, 1993. In August 1993, Morales's Probation Officer discovered that Morales had violated the conditions of his supervision by failing to report several arrests to the Probation Officer within 72 hours. On December 13, 1993, seven days before the end of the supervisory period, the Probation Officer informed the district court of these and other violations and petitioned the court to order Morales to show cause why his supervised release should not be revoked.

The same day, the district court issued a summons directing Morales to appear on December 30, 1993, 10 days after his supervised release was to end, for a hearing on the order to show cause. The court purported to extend its jurisdiction over the defendant, stating that the Probation Officer's petition would "serve as a summons tolling the period of supervision...." The hearing was further postponed until February 1994, apparently to allow thorough briefing.

During the hearing, appellant stipulated that he had violated the terms of his supervision but moved to dismiss the petition, arguing that the court lost jurisdiction over him on December 20, 1993, the day his supervised release was to expire. The district court, relying on the Ninth Circuit's decision in *United States v. Neville,* 985 F.2d 992 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2425, 124 L.Ed.2d 646 (1993), denied appellant's motion to dismiss and retained jurisdiction. Although the court considered revoking appellant's supervised release and imposing a prison sentence, it chose not to. Instead, it extended the period of supervision by 22 months and added several new conditions. This appeal followed.

## II. Discussion

■ This is a case of first impression in this circuit. The question before us is whether the district court had jurisdiction to rule upon Morales's alleged violations after his supervised release period was supposed to end. This is a question of law subject to de novo review. *New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.,* 996 F.2d 21, 23 (2d Cir.1993); *Neville,* 985 F.2d at 994.

■ The court's authority to impose a term of supervised release as part of a sentence is governed by 18 U.S.C. § 3583.[1] Subsection (e) addresses the court's power to modify and extend the conditions of release or to revoke supervised release and subject the defendant to further imprisonment. After considering various factors a court may, among other things,

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to

the initial setting of the terms and conditions of post-release supervision; [or]

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation....

18 U.S.C. § 3583(e)(2) & (3).

Morales raises a number of objections to the district court's jurisdiction. First, the express language of § 3583(e)(2) gives the court discretion to extend a term of supervised release only so long as it acts "prior to the expiration or termination of the term of supervised release." Second, the absence of an express provision allowing the court to extend its jurisdiction reveals Congress' intent to terminate jurisdiction at the end of the supervised release term. Morales refers to two other statutes (18 U.S.C. § 3565(c) and 18 U.S.C. § 3624(e)) as evidence that Congress knew how to provide for tolling and extension of the court's jurisdiction, but deliberately chose not to in § 3583(e). In addition, he points to the recent amendment of § 3583, see note 1 above, which explicitly confers upon the court power to extend its jurisdiction to revoke supervised release upon issuance of a warrant or summons, as indicating that the court lacked this power prior to the amendment. Finally, he suggests that we should apply the rule of lenity and give the statute a restrictive interpretation. See *United States v. Koehler,* 973 F.2d 132, 135 (2d Cir.1992).

■ We believe that the language and structure of the statute support the government's contention that the court had jurisdiction to extend and modify the terms of Morales's supervised release. It is true that neither subsection (e)(2) nor (e)(3) of 18 U.S.C. § 3583 expressly states that the court may retain jurisdiction to affect a term of

1. This statute was amended by § 110505 of the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, 108 Stat. 1796, but the amendment does not apply to Morales because he was sentenced before the Act took effect.

supervised release after that term would otherwise have expired. Those subsections do provide, however, that the court is to exercise its authority in accordance with certain provisions of the Federal Rules of Criminal Procedure. Those provisions permit a degree of temporal flexibility. Because the court's original purpose in holding the disputed hearing was to give the defendant an opportunity to show cause why his supervised release should not be revoked, we turn first to § 3583(e)(3), which governs revocation hearings.

### A. Section 3583(e)(3)

■ As the government points out, 18 U.S.C. § 3583(e)(3) requires the sentencing court to act "pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation." Rule 32.1(a) establishes procedures for revocation of probation and supervised release. That Rule requires in relevant part that "[t]he revocation hearing, unless waived by the person, shall be held *within a reasonable time* in the district of jurisdiction." Fed. R.Crim.P. Rule 32.1(a)(2) (emphasis added). Thus, we believe that the language of § 3583(e)(3), through its reference to this Rule, authorizes a court to conduct a revocation hearing within a reasonable time from the date a petition is filed by the Probation Officer, at least where a petition is filed before the term of supervised release has expired.

This was the view taken by the Ninth Circuit in *Neville*, which the district court relied on here. In *Neville*, a warrant based on an alleged violation issued seven days before the end of a term of supervised release, but the hearing was not held until shortly after the end of that term. The Ninth Circuit carefully examined the language, legislative history and structure of the statute and concluded that the district court retained jurisdiction to revoke the defendant's supervised release and impose a new prison term pursuant to § 3583(e)(3) after the date when the supervised release term had been scheduled to expire. In a similar situation, the Fourth Circuit subsequently adopted the reasoning of *Neville* in *United States v. Barton*, 26 F.3d 490, 492 (4th Cir. 1994).

As the court stated in *Barton*, "If a petition [to revoke supervised release] is filed near the end of the supervisory period, the only logical construction of 'within a reasonable time' is that a hearing may be held shortly after the supervisory period expires." *Barton*, 26 F.3d at 491–92. Furthermore, the reference in § 3583(e)(3) to the procedural rules governing probation revocation makes clear that Congress expected that those who violate the conditions of their supervised release would be afforded a revocation hearing before supervised release is revoked. "The logical inference is that Congress expected some time to pass between the time a supervised release violation is discovered and the time supervised release is actually revoked. Congress must have intended the court's jurisdiction to continue throughout this period." *Neville*, 985 F.2d at 996.

This case differs somewhat from *Neville* and *Barton* because the district court extended and modified appellant's term of supervised release pursuant to § 3583(e)(2) rather than revoking it and subjecting him to further imprisonment pursuant to subsection (e)(3). Despite this difference, we find the reasoning of the Ninth and Fourth Circuits persuasive and turn to consider whether it is applicable to subsection (e)(2).

### B. Section 3583(e)(2)

As noted above, the district court ultimately decided not to revoke Morales's supervised release. Instead, the court concluded as a result of the hearing that it was more appropriate to extend the term of Morales's supervised release by 22 months and add various release conditions regarding his education, employment, drug testing and association with gang members. Such a disposition was certainly more favorable to the defendant than outright revocation and further incarceration. Defendants such as Morales, who violate the conditions of their supervised release near the end of the release period, would be seriously disadvantaged if district courts were permitted to impose further imprisonment but precluded from modifying

and extending supervised release. The statute does not require such an inconsistent result.

Section 3583(e)(2) provides statutory authority for the court to extend and modify supervised release. As appellant emphasizes, this subsection includes a clause permitting courts to act "at any time *prior to* the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2) (emphasis added). This clause seems at first glance to preclude a court from asserting jurisdiction to modify or extend supervised release terms after the supervised release period would otherwise have ended. Subsection (e)(2), like subsection (e)(3), however, refers to the Federal Rules of Criminal Procedure, requiring the court to act "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." Id. In the absence of any contrary authority, we believe that the parallel structure of subsections (e)(2) and (e)(3) requires us to apply the same method of interpretation that the courts used in *Neville* and *Barton*, and which we applied above.[2] Therefore, we turn to the Federal Rules cross-referenced in 18 U.S.C. § 3583(e)(2).

■ Rule 32.1(b) establishes procedures governing the modification of probation or supervised release. It provides in full:

> (b) Modification of Probation or Supervised Release. A hearing and assistance of counsel are required before the terms or conditions of probation or supervised release can be modified, unless the relief to be granted to the person on probation or supervised release upon the person's request or the court's own motion is favorable to the person, and the attorney for the government, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected. An extension of the term of probation or

supervised release is not favorable to the person for the purposes of this rule.

Unlike Rule 32.1(a)(2), which governs revocation hearings, Rule 32.1(b) does not explicitly establish any time frame in which the court is required to conduct a modification hearing. Rule 32.1(b) does provide, however, that if the relief to be granted is favorable to the defendant, the government must be "given notice of the proposed relief and a *reasonable opportunity to object....*" (emphasis added). Thus, at least where modification would favor the defendant, the Rule expressly contemplates that some time will pass before the court reaches an ultimate determination. We believe that the Rule obviously requires that defendants must also be afforded a reasonable opportunity to object if their interests are adversely affected by a proposed modification of the terms of supervised release.

At least one circuit court has implicitly endorsed such a view, upholding the modification of supervised release provisions where a hearing was held more than 10 days after the government's motion to correct the sentence. *United States v. Navarro–Espinosa*, 30 F.3d 1169, 1170–71 (9th Cir.1994). In *Navarro–Espinosa*, the Ninth Circuit stated that the district court may have lacked power to modify the terms of supervised release pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure because seven days had passed since the imposition of sentence. However, relying on 18 U.S.C. § 3583(e)(2) and Rule 32.1(b), the circuit court held that a hearing in the district court that took place 11 days after the government moved to correct a sentence "fully complied with the provisions of Rule 32.1." *Id.* at 1171. The circuit court apparently believed that although 32.1(b) does not expressly establish a time frame in which the hearing must take place, a reasonable delay following the government's motion is permissible.

■ In this case, the original hearing was scheduled for December 30, 1993—a

2. We are aware that the subsections do contain other differences. For example, subsection (e)(3) requires the court to find "by a preponderance of the evidence that the person violated a condition of supervised release" before subjecting the person to further imprisonment. Subsection (e)(2) contains no express language regarding findings or burden of proof. Neither party has argued that this difference is relevant to the issue in this case.

mere 10 days after supervised release would have expired and only 17 days after the Probation Officer filed the petition. Although the hearing was ultimately postponed until February 24, 1994, presumably to allow briefing and oral argument, apparently neither side objected that the further delay was unreasonable or would affect the court's jurisdiction. Under the circumstances, the relevant time period is 17 days, and we do not believe that such a delay is unreasonable. As with revocation hearings, Congress must have expected some time to pass between the time a supervised release violation is discovered and the time a hearing may be held resulting in modification or extension of the terms of supervised release. "Congress must have intended the court's jurisdiction to continue throughout this period." *Neville*, 985 F.2d at 996.

Although we believe that Rule 32.1(b) provides sufficient authority for the court's jurisdiction, § 3583(e)(2) also directs the court to act pursuant to "the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2). Rule 32 establishes the procedural framework for imposition of sentence including the terms and conditions of post-release supervision. This Rule is more explicit than Rule 32.1(b) in permitting a period of necessary delay: "Sentence shall be imposed *without unnecessary delay, but the court may,* when there is a factor important to the sentencing determination that is not then capable of being resolved, *postpone the imposition of sentence for a reasonable time* until the factor is capable of being resolved." Fed.R.Crim.P. 32(a)(1) (emphasis added). The Rule goes on to state that *"[a]t least 10 days before imposing sentence,* unless this minimum period is waived by the defendant, the court shall provide the defendant and the defendant's counsel with a copy of the report of the presentence investigation...." Fed. R.Crim.P. 32(c)(3)(A). Thus, the relevant provisions of the Federal Rules of Criminal Procedure contemplate that a certain amount of delay (at least 10 days following disclosure of the presentence report) is necessary. Such delay affords defendants the opportunity to respond to allegations in presentence reports that might affect their sentences.

Construing § 3583(e)(2) in light of these provisions, it appears that a district court may not unnecessarily delay a hearing with respect to modification or extension of a term of supervised release, but that a 10-day period does not constitute unnecessary delay. Although the Probation Officer did not prepare a new presentence report related to the charged supervised release violations, Morales was served with a petition asserting the factual grounds upon which the Probation Officer sought revocation, extension or modification of his supervised release. The court may ordinarily be required to offer the defendant a minimum of 10 days in which to prepare for a hearing after receiving notice of the matters that the court will consider in determining whether to modify the conditions of release. Cf. *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973) (due process concerns prevent a court from immediately revoking probation without a hearing); *Morrissey v. Brewer*, 408 U.S. 471, 484–90, 92 S.Ct. 2593, 2601–04, 33 L.Ed.2d 484 (1972) (establishing similar requirements for revocation of parole). As noted above, the relevant delay here was only 17 days, which we do not consider unnecessary or unreasonable.

Appellant calls to our attention an observation we made in *United States v. Smith*, 982 F.2d 757 (2d Cir.1992). In that case, we held that the district court's denial of a continuance before a supervised release revocation hearing did not deny defendant effective assistance of counsel or due process where only five days passed between the filing of a revocation petition and hearing. The defendant's attorney had less than three full days to prepare. *Id.* at 759. The panel in *Smith* issued a carefully worded opinion, noting simply that "it is arguable that the court would have lost jurisdiction ... [if] it granted [a] continuance." *Id.* at 762. Although the court concluded that the short preparation period did not violate the Constitution, it never addressed whether the court's jurisdiction would have ended if it had granted the continuance.

As the discussion above makes clear, the express language of § 3583(e) requires the

court to follow one set of procedural rules when it revokes supervised release, and others when it extends and modifies the terms of supervised release. If this difference actually affected the power of the court to hear a matter, it would create serious practical difficulties in court administration. In order to know which set of procedural rules to follow, a court would have to know, before even holding a hearing, what the outcome of that hearing would be. Congress could not have expected even members of the federal judiciary to possess such foresight. Furthermore, as the facts of this case illustrate, a judge faced with an alleged violation of supervised release may consider revoking supervised release and imposing further imprisonment but find as a result of a hearing that a modification and/or extension of supervised release is more appropriate. It would make no sense for the judge to be precluded from ordering this statutorily authorized sanction simply because it had followed the procedural rules prescribed for a harsher disposition of the case.

### C. Other relevant statutes

██ Morales contends that examination of other contemporaneously enacted statutory provisions reveals that Congress, by failing to authorize extension of the court's jurisdiction upon issuance of a summons in § 3583(e), specifically intended to limit the court's jurisdiction. To support this contention, appellant points to 18 U.S.C. § 3565(c), which governs revocation of probation, and which specifically provides for delayed revocation of probation. That provision states:

> (c) Delayed revocation.—The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Nevertheless, the absence of similar specific language in § 3583 does not demonstrate that Congress intended to forbid delayed revocation hearings under § 3583.

As the well-reasoned opinions in *Neville* and *Barton* observed, the legislative history of § 3565, which permits delayed revocation of probation, contradicts the inference that Morales seeks to draw. According to that legislative history, § 3565 merely codifies court rulings interpreting the former probation revocation provisions. Those decisions uniformly established that as long as formal revocation proceedings were commenced (by arrest warrant or otherwise) within the five-year period explicitly permitted by the statute, probation could be revoked even if the hearing and revocation took place after the five-year period. See *Neville,* 985 F.2d at 998 (cataloguing cases); *United States v. Basso,* 632 F.2d 1007, 1012 n. 5 (2d Cir.1980), *cert. denied,* 450 U.S. 965, 101 S.Ct. 1480, 67 L.Ed.2d 613 (1981). As the *Neville* court further pointed out, the effect of adding the delayed revocation section in current § 3565(c) was not to extend the power of the court to revoke probation, but to restrict it. *Neville,* 985 F.2d at 998 & n. 13 (citing Sen.Rep. No. 225, 98th Cong.2d Sess., reprinted in 1984 U.S.C.C.A.N. 3182, 3285–86). Thus, the omission of a similar provision in the supervised release section does not indicate congressional intent to deny courts the well-established power that the district court exercised here.

Furthermore, we cannot believe that Congress could have intended that those who violate supervised release near the end of the term can evade the court's jurisdiction entirely. As the court stated in *Neville,* such a result would be "absurd," and we are loath to ascribe such an absurd intention to Congress. *Neville,* 985 F.2d at 996.

The other provision upon which Morales relies, 18 U.S.C. § 3624(e), provides that the supervised release period does not run while a defendant is imprisoned for another offense. As the government points out, that provision focuses on the running of the supervised release term itself but does not address, as § 3583(e) does, the time frame within which the court may exercise its power to adjudicate violations that occurred within the conceded term of supervised release.

■ Finally, as already indicated, Congress has since amended § 3583 by enacting § 110505 of the Violent Crime Control and Law Enforcement Act of 1994. See note 1 above. The amendment explicitly provides that a court may revoke supervised release after the term would otherwise have expired if it issues a warrant or summons alleging a violation before expiration of the supervised release term.[3] Morales argues that the amendment constitutes a change in the law and signals that under the earlier statute that was applied to him, the court lacked power to extend his supervised release. Morales has pointed us to no relevant legislative history regarding this amendment. Although we do not rely heavily on this enactment in reaching our conclusion, we believe that the most likely purpose of the amendment was to make absolutely clear Congress' earlier intention that sentencing courts have the authority to hold hearings to revoke or extend supervised release after expiration of the original term if they issue a summons or warrant during the release period.

### D. Rule of lenity

■ We reject Morales's final argument that the rule of lenity, which this court has applied to limit the sentencing court's power under § 3583 in different circumstances, precludes jurisdiction in this case. See *Koehler*, 973 F.2d at 135.[4] The maxim that criminal statutes should be construed to favor lenient treatment of the defendant applies only when a statute is ambiguous. *United States v. Eng*, 14 F.3d 165, 173 n. 7 (2d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 54, 130 L.Ed.2d 13 (1994). Section 3583(e)(3) is unambiguous in authorizing (by reference to the Federal Rules of Criminal Procedure) revocation hearings that take place "within a reasonable time." Any ambiguity in the relevant portions of the statute is created only because of subsection (e)(2), which applies to modification hearings. If the court had power to revoke supervised release, but not to modify and extend it, for a violation near the end of the release period, the court would have to choose between absolute freedom and total incarceration for supervised release violators. We believe that if the district court had been faced with this choice, it most likely would have invoked its power under subsection (e)(3) and required Morales to serve a further prison term, as the court considered doing. Thus, our construction of the statute comports generally with the rule of lenity by ensuring that a sentencing court in this situation will always have the power to afford defendants the more lenient treatment contemplated by § 3583(e)(2).

We conclude that the district court did not err in retaining jurisdiction for a reasonable time after the date when supervised release was scheduled to expire, in order to hold a

---

3. The amendment further provides that a court may reimpose a term of supervised release after revoking the original term and imposing a term of imprisonment. The relevant portion of the amendment adds two new subsections to 18 U.S.C. § 3583. These subsections provide:

(h) Supervised Release Following Revocation.—When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

(i) Delayed Revocation.—The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

4. The precise issue in *Koehler* was whether the district court had power under § 3583(e) to both revoke and extend supervised release. The court held that the statute did not authorize the district court to reimpose a term of supervised release after revoking the original term and imposing a term of imprisonment. *Koehler*, 973 F.2d at 134–35. To this extent, *Koehler* has been overruled by § 110505 of the Violent Crime Control and Law Enforcement Act of 1994.

hearing that ultimately affected the conditions of Morales's supervised release. The petition, summons and order to show cause were all filed during the original term of his supervised release and the court had jurisdiction thereafter to issue the order under attack.

Affirmed.