**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 00-50203**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SAMMY NARANJO,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Texas**

**July 23, 2001**

Before GARWOOD, HALL,[1] and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

For deciding the sole issue presented — the district court's jurisdiction *vel non* to revoke Sammy Naranjo's supervised release subsequent to the expiration of that term — we must decide whether 18 U.S.C. § 3583(i) (under certain conditions, supervised release may be revoked subsequent to completion of supervised-release-term) permits post-term revocation *if* it is based upon a violation of a supervised-release-condition that differs from the violation alleged prior to term-completion as the basis for initiating the revocation procedure. **AFFIRMED.**

---

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

I.

In 1988, Naranjo was convicted of conspiracy to possess with intent to distribute, and distribution of, cocaine. He was sentenced, *inter alia*, to concurrent terms of 46 months' imprisonment and five years' supervised release.

On 20 May 1997, four days before the expiration of his supervised-release-term, Naranjo's probation officer filed a petition alleging Naranjo violated the conditions of his supervision by conduct occurring in 1996: on 15 June, he drove while intoxicated and under the influence of a controlled substance; and, on 3 April, he and a convicted felon were arrested for possession of cocaine. The petition stated that Naranjo had been indicted in state court for intoxication assault on 4 May 1997; and that the possession charge had been dismissed. The petition requested issuance of a warrant for Naranjo's arrest but also requested that the warrant be held in abeyance pending final disposition of the state case. The warrant was issued that same day — 20 May 1997.

Almost three years later, on 24 January 2000, long after the supervised-release-term had expired, Naranjo's probation officer filed a second petition, modifying the first to allege Naranjo had violated his supervised-release-conditions by pleading guilty on 27 October 1999 to 35 counts of a 54-count federal indictment, *concerning offenses committed during the supervised-release-term.*

2

The next day, the Government moved to revoke Naranjo's supervised release because of that 27 October guilty plea. The motion did *not* reference the 1996 conduct that had been the basis for the original, pre-term-expiration revocation petition.

A revocation hearing was held on 2 March 2000. Naranjo objected, claiming the court lacked jurisdiction to revoke his supervised release. His objection was overruled, and Naranjo pleaded "not true" to the Government's allegations.

At the hearing, Naranjo's probation officer testified that, when he submitted the first petition in 1997, he was aware of the pending federal indictment against Naranjo; and that, prior to any action being taken on the first petition, he filed the second, based on the federal conviction. He stated it was his understanding that the 20 May 1997 arrest warrant tolled Naranjo's supervised-release-term. On cross-examination, he agreed: the basis for the second petition was different from that for the first; and the Government's revocation motion was *not* based on the allegations in that first petition. He explained that, as of that day, 2 March 2000, the state case (concerning the 1996 offenses referenced in the first petition) was still pending.

The district court revoked Naranjo's term of supervised release. He was sentenced to 12 months' imprisonment, to run consecutively to the 216 months' imprisonment imposed pursuant to his October 1999 guilty plea.

3

II.

As noted, the sole issue raised by Naranjo is one of statutory interpretation:  whether the post-term revocation is permitted by § 3583(i).  That question is reviewed *de novo*.  *E.g.,* **United States v. Jimenez-Martinez**, 179 F.3d 980, 981 (5th Cir. 1999).  Our research has *not* found any case in this, or any other, circuit addressing this narrow statutory issue, other than the recently decided **United States v. Downs**, No. 97-MISC.CR.-80E., 2000 WL 1568598 (W.D.N.Y. 19 Oct. 2000), discussed *infra*.[2]

The statute at issue provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment ... *extends beyond the expiration of the term* of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration *if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation*.

18 U.S.C. § 3583(i) (emphasis added).  Subsection (i) was added to § 3583 in 1994.  But, this court held, under the pre-1994 version of § 3583, that a district court had jurisdiction to revoke a term of supervised release when, although an arrest warrant was issued during the term, the revocation hearing was *not held* until after

---

[2]**United States v. Schimmel**, 950 F.2d 432 (7th Cir. 1991), *cert. denied*, 503 U.S. 965 (1992), cited by the dissent, was decided *before* § 3583 was amended to include subsection (i).

the term expired. *Jimenez-Martinez*, 179 F.3d at 981. Accordingly, subsection (i) is in part a codification of existing law in this circuit. *United States v. Schmidt*, 99 F.3d 315, 318 n.1 (9th Cir. 1996); *see also* *United States v. Morales*, 45 F.3d 693, 701 (2d Cir. 1995) ("[W]e believe that the most likely purpose of the amendment was to make absolutely clear Congress' *earlier* intention that sentencing courts have the authority to hold hearings to revoke or extend supervised release *after expiration* of the original term *if* they issue a summons or warrant *during* the release period". (emphasis added)).[3]

Naranjo contends § 3583(i) authorizes such post-term *revocation only* when the warrant or summons is issued before term-expiration on the *specific basis of the alleged violation upon which revocation is ultimately based*. Therefore, according to Naranjo, because, for revocation, the Government did *not* rely on the 1996 conduct upon which his arrest warrant was issued, but instead on his 1999 convictions that occurred more than two years after term-expiration, the district court did *not* have jurisdiction. The Government responds that, if, as in this case, a warrant or summons has been issued before term-expiration, the

---

[3]The dissent posits that § 3583(i) does *not* apply because it was enacted after Naranjo's sentence and supervised release were imposed. Naranjo does *not* complain about a possible *ex post facto* application of that subsection; quite to the contrary, he relies on its plain language in support of his contention that the district court lacked jurisdiction to revoke his supervised release.

5

district court has jurisdiction over violations *committed, but not charged, during* that term.

It goes without saying that, for interpreting § 3583(i), we look first to its plain language. *E.g., **United States v. Zavala-Sustaita***, 214 F.3d 601, 604 (5th Cir.), *cert. denied*, 121 S. Ct. 434 (2000). Unless there is sufficient indication otherwise, we assume Congress intends the words used to carry their ordinary meaning. ***Id.*** And, if these words are unambiguous, our inquiry ends. ***Id.***

Under subsection (i), a district court can "revoke a term of supervised release for *violation* of a condition of supervised release ... if, before its expiration, a warrant or summons has been issued on the basis of an allegation of *such a violation*". 18 U.S.C. § 3583(i) (emphasis added). The statute does *not* require the pre-term-expiration-warrant to be based on an allegation concerning the *specific* violation for which revocation may be later, or ultimately, sought, however, because it uses the phrase "such *a* violation" (emphasis added), *not* "such violation".

If "such violation" had been used, it would refer back to the phrase "violation of a condition of supervised release" employed earlier in subsection (i) and concerning the actual post-term-expiration revocation basis. The employed-phrase, "such *a* violation" (emphasis added), however, includes more than just the earlier employed "violation of a condition" permitting post-term-

6

expiration revocation. "Such *a* violation" (emphasis added), which pertains to the basis for the requisite issuance of a pre-term-expiration warrant, refers to, or references, *any* violation of a condition of supervised release during the term, *not* just the one on which revocation is ultimately based.[4]

To read the statute otherwise would render superfluous the use of the article "a". *See* **United States v. Nordic Village, Inc.**, 503 U.S. 30, 36 (1992) ("a statute must, if possible, be construed in such fashion that every word has some operative effect"). Instead, as discussed, the statute's plain language permits revocation based on *any* violation of a condition of supervised release occurring during the supervision term, even if *not* contained in a petition for revocation filed during that term, *so long as* a warrant or summons was issued during that term on the basis of *an alleged violation*. And, as the Government correctly notes, once the court's post-term jurisdiction is preserved by the issuance of a

---

[4]We do *not*, as the dissent suggests, consider the phrase "such a violation" in isolation. Again, we emphasize that, when read in conjunction with § 3583(i) as a whole, the phrase does *not* relate back to the "violation of a condition of supervised release" on which revocation is based, but refers instead to *any* violation committed during the supervised release term, *not* just the one on which revocation is based. Moreover, subpart (i) allows for a "period reasonably necessary for the adjudication of *matters arising before its expiration* ... if a warrant or summons has been issued on the basis of *an allegation* of such *a violation*". (Emphasis added.) Plainly, revocation is *not*, as the dissent concludes, linked to the particular "matter" or "matters" for which a warrant or summons was issued.

7

warrant or summons during the term, there is *no* bar to amending the petition, post-term, to include additional grounds for revocation, so long as the defendant is given appropriate notice. *See* FED. R. CRIM. P. 32.1(a)(2).

Naranjo analogizes the amended petition to a superseding indictment, which can relate back to the original indictment and be considered timely *only* if it does *not broaden* the charges. *See Downs*, 2000 WL 1568598, at *2 (holding § 3583(i) extends jurisdiction to revoke supervised release *only* when a warrant or summons is issued before the term's scheduled expiration on the specific basis of the alleged violation upon which revocation is ultimately sought). Subsection (i), however, expressly provides that the timely-issued warrant extends the district court's jurisdiction to revoke supervised release. 18 U.S.C. § 3583(i) ("The *power of the court* to revoke a term of supervised release ... *extends beyond the expiration* of the term of supervised release...." (emphasis added)). *Compare United States v. Schmick*, 904 F.2d 936, 940 (5th Cir. 1990) ("The return of a timely indictment tolls the statute of limitations as to the charges alleged therein."), *cert. denied*, 498 U.S. 1067 (1991), *with United States v. Morales-Alejo*, 193 F.3d 1102, 1104 (9th Cir. 1999) (holding, because supervised-release-term *not* tolled under 18 U.S.C. § 3624(e), warrant issued more than two weeks after

8

expiration of supervised release term did *not* preserve district court's jurisdiction).

In sum, and as Naranjo concedes, 18 U.S.C. § 3583(i) is *not* ambiguous. And, because a warrant was issued during the term, pending resolution of the state case against Naranjo, *which state case was still pending at the time of the revocation hearing*, the warrant preserved the court's jurisdiction, after the term expired, to proceed with revocation on the basis of the second amended petition, concerning Naranjo's 1999 guilty plea for *offenses committed during his supervised-release-term.* *See* 18 U.S.C. § 3583(i).[5]

## III.

For the foregoing reasons, the judgment is

**AFFIRMED.**

---

[5]Although the dissent views the revocation as being "clearly well beyond any period reasonably necessary to dispose of the unrelated charge pending" at term-expiration, Naranjo does *not* claim the revocation hearing was *not* held within a reasonable time. In fact, he concedes "the jurisdictional question based on the length of the delay, and its reasonableness, is *not* before the Court". (Emphasis added.)

GARWOOD, Circuit Judge, dissenting.

I respectfully dissent.

In my view, the majority's virtually total reliance on the article "a", which appears as the next to the last word of section 3583(i), ignores the principle that "[i]n determining the meaning of the statute, we look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy." *Crowder v. U.S.*, 110 S.Ct. 997, 1001 (1990). Similarly, the Supreme Court has "[o]n numerous occasions . . . noted that '[i]n expounding a statute we must not be guided by a single . . . member of a sentence, but [m]ust look to the provisions of the whole law, and to its object and policy.'" *Pilot Life Ins. Co. v. Dedeaux*, 107 S.Ct. 1549, 1555 (1987) (additional internal quotation marks and citations omitted). *See also Henrikson v. Guzik*, 249 F.3d 395, 398 (5th Cir. 2001) ("It is important to 'look to the structure and language of the statute as a whole'").

Considering section 3583(i) as a whole,[6] it does essentially three things: (1) it recognizes the general rule that the power of the court to revoke supervised release "for a violation of a condition of supervised release" terminates at the expiration of the supervised release term; (2) it provides a single exception to this general rule for instances in which "before" the "expiration" of the supervised release term "a warrant or summons has been issued on the basis of an allegation of such a violation;" and it provides that in such a case the court's power "extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration."

Plainly, it is contemplated that the duration of the extension is geared to the subject matter of any warrant or summons issued before the supervised release term expires. In other words, the power to revoke supervised release is extended only for so long as reasonably necessary to dispose of that particular matter which was pending when the term expired. That the statute presupposes a

[6]18 U.S.C. § 3583(i) provides:

"**(i) Delayed revocation**.–The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."

11

nexus between the duration of the extension and the subject matter of the warrant or summons issued before the expiration of the term is evident from the fact that the stated condition that "a warrant or summons has been issued" must be understood to embrace only those warrants or summonses which are pending and undisposed of at the end of the term–though its literal language is not so restricted–else a charge based on warrant or summons issued and disposed of by the court in a ruling favorable to the defendant *during* the term would extend the power to revoke until after expiration of the term on an unrelated charge for which a warrant or summons was first issued after expiration of the term, a result obviously inconsistent with the purpose and design (though not the literal wording) of section 3583(i).[7]

Given, then, that the extension of the court's power to revoke supervised release is tied to the time reasonably necessary to dispose *only* of the subject matter or matters of any one or more then pending warrants or summonses alleging a violation or violations of conditions, it would be illogical to hold that a violation alleged for the first time in a warrant or summons issued after the expiration of the terms could form the basis for a

---

[7]And, obviously § 3583(i)'s reference to "matters arising before its [the term's] expiration," though literally broad enough to include, for example, a Title VII suit filed by the defendant during, and pending before the sentencing court at the expiration of, the term, cannot reasonably be read to include such a matter; rather the phrase must be read to embrace only alleged violations of the terms and conditions of supervised release.

12

revocation: the time reasonably necessary to dispose of the post-expiration of term warrant might well–indeed probably would–extend *beyond* the time necessary to dispose of the pre-expiration of term warrant.

Had Congress not intended to limit revocation after expiration of the term to conduct charged before the expiration of the term it would not have required that a warrant or summons have issued before the expiration of the term, but would instead merely have allowed some post-expiration of term period–say six months or a year–during which revocation could be ordered (on the basis of pre-expiration of term conduct).

The obvious purpose of section 3583(i)–to allow supervised release to be revoked on the basis of a pre-expiration of term warrant or summons which cannot reasonably be disposed of by the court before expiration of the term–is confirmed by its history. The courts of appeal have uniformly held that section 3583(i), and its probation counterpart, 18 U.S.C. § 3565(c),[8] merely codified the prior practice, which held that the court could, after the

[8]Section 3565(c) provides:
"**(c) Delayed revocation**.–The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."

expiration of the term of supervised release or probation,[9] revoke the supervised release or probation on the basis of a violation charged in a warrant or summons issued prior to the expiration of the term. *See, e.g., United States v. Neville*, 985 F.3d 992, 998 (9th Cir. 1993); *United States v. Barton*, 26 F.3d 490 (4th Cir. 1994); *United States v. Morales*, 45 F.3d 693, 700-01 (2d Cir. 1995). As we said in *United States v. Jimenez-Martinez*, 179 F.2d 980, 981 (5th Cir. 1999), the language of Fed. R. Crim. P. 32.1(a)(2) which "provides for a hearing 'within a reasonable time' when a court is considering revocation" means that "the district court could exercise jurisdiction to revoke a term of supervised release and sentence an individual to prison when an arrest warrant was issued during the term but the revocation hearing was not held until after the term expired," citing *Neville, Barton,* and *Morales*. Plainly, this is speaking of revocation for the conduct for which the warrant was issued, for the hearing within a reasonable time provisions of Rule 32.1(a)(2) obviously do not apply to violations that the authorities are unaware of. As *Neville* observed, the rule that the hearing and action of the court on revocation can take

---

[9]In the case of probation, § 3565(c) also restricted the availability of revocation by requiring that the warrant or summons issue prior to the expiration of the defendant's *actual* term of probation in contrast to the prior statute (former 18 U.S.C. § 3653) which merely required that the warrant or summons have issued prior to the end of the maximum probation term which *could* have been imposed (five years). *See United States v. Neville*, 985 F.3d 992, 998 n.13 (9th Cir. 1993); *United States v. Barton*, 26 F.3d 490, 492 n.4 (4th Cir. 1994).

14

place after the end of the term *where* revocation proceedings are begun by warrant or summons (or other means) within the term, make sense because otherwise "the only way to sanction a violator of supervised release toward the end of the term would require immediate revocation of supervised release upon being informed of the violation. Yet, due process concerns prevent a court from immediately revoking supervised release without a hearing." *Id*. at 996-97.[10] Again, it is plain that this is speaking of revocation on the basis of conduct charged in a warrant or summons issued or motion filed before the end of the term, as the court would never be faced with the question of "immediately revoking supervised release without a hearing" for uncharged conduct.

The appropriate construction of the probation and supervised release revocation statutes in the present respect was directly addressed approximately a decade ago in *United States v. Schimmel*, 950 F.2d 432 (7th Cir. 1991). There a petition to revoke probation was filed with the five year period allowed by former section 3653 (see note 4, *supra*), but after the five year period expired a second petition to revoke was filed and it was the second petition

---

[10]*See also id.* at 998, stating that "courts uniformly interpreted" the probation statute "to mean 'that as long as formal revocation proceedings are commenced (by arrest warrant or otherwise) within the five-year period, probation can be revoked, even if the revocation hearing starts and the actual revocation takes place after the end of the five-year period.'" (inside quotation marks supplied; quoting *United States v. Bazzano*, 712 F.2d 826, 835 (3d Cir. 1983) (en banc).

15

that the district court acted on in revoking probation. In determining whether the district court could properly revoke probation on this basis, the Seventh Circuit applied the "superseding indictment" rule, under which if an indictment is filed within the limitations period, and a superseding indictment is filed after limitations has run, then "'[t]o the extent that the new language [in the superseding indictment] broadens the timely original charges, the superseding charges are barred by the statute of limitations.'" *Id*. at 436. The test is "'whether a superseding indictment substantially changes the original charges.'" *Id*. The Seventh Circuit upheld the revocation in *Schimmel* because the second petition charged the same conduct as did the first, its "change in language from the first petition is of no substance" and "[n]o broader charge is contemplated by the second petition." *Id*. at 436–37.

Similarly, in *United States v. Downs*, 2000 WL 1568598 (W.D.N.Y. Oct. 19, 2000), the district court applied the superseding indictment rule in a case under section 3583(i) in which a petition to revoke and a warrant charging two violations were issued before the expiration of the term and a third violation was included for the first time in an amended petition to revoke filed after the expiration of the term. The court held that only the originally charged two violations, and not the third added after expiration of the term, could be considered.

16

I would follow the rule of *Schimmel* and *Downs*. It is noteworthy that despite the many decades of litigation concerning the timeliness of revocation of probation or supervised release, this is apparently the first decision which has ever held that a timely initiation of proceedings to revoke supervised release or probation on a particular ground or grounds extends the jurisdiction of the district court to revoke on completely unrelated grounds as to which no revocation proceedings were initiated or summons or warrant issued within the supervised release or probationary term.[11]

Finally, I note that the majority's almost total reliance on the article "a" which constitutes the next to last word of section 3583(i) is misplaced for yet another reason. The present case is *not* governed by section 3583(i) because Naranjo's sentence and supervised release were imposed in 1988 and section 3583(i) was not enacted until 1994. *See Morales*, 45 F.3d at 696 n.1. The majority looks to section 3583(i) only because it considers it declaratory of previously existing law. But *nothing* in previously existing law supports the majority's holding. The rationale of the earlier decisions is entirely to the contrary–namely that when revocation proceedings were instituted (by issuance of warrant, summons or

---

[11]Or within the five year period specified in former § 3653 (see note 4 *supra*).

17

otherwise) within the supervised release or probation term,[12] then the jurisdiction of the district court to revoke probation or supervised release on the substance of *those* charges would extend for a reasonable time after the expiration of the term because it was contemplated that there would be a hearing on those charges. Obviously, that rationale does not apply to unrelated charges filed for the first time after the expiration of the term. *Schimmel.*

Finally, here revocation was ordered solely on the basis of conduct first charged over two and a half years after the term of supervised release expired, clearly well beyond any period reasonably necessary to dispose of the unrelated charge pending when the supervised release term expired.

Accordingly, I respectfully dissent from the affirmance of the revocation of supervised release.

---

[12]Or, in cases governed by former § 3653, within the specified five year period. See note 4 *supra.*