**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES ROBERT BAILEY,

      Defendant-Appellant.

No. 00-1484

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 89-CR-395-B)**

---

Submitted on the briefs: [1]

Richard N. Stuckey, Denver, Colorado, for Defendant-Appellant; James Robert Bailey, pro se.

Richard T. Spriggs, United States Attorney, Andrew A. Vogt, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

---

Before **TACHA**, Chief Judge, **BALDOCK**, Circuit Judge, and **BRORBY**, Senior Circuit Judge.

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BALDOCK**, Circuit Judge.

Defendant James Robert Bailey appeals from the district court's order sentencing him to ten months' imprisonment for violation of the conditions of his supervised release. We affirm.

Bailey was convicted in 1990 of four counts of unauthorized use of food stamps, in violation of 7 U.S.C. § 2024(b). He was sentenced to thirty months' imprisonment to be followed by thirty-six months of supervised release. On September 21, 2000, near the scheduled end of his term of supervised release, the district court ordered that a summons be issued to Bailey for alleged violations of his supervised release. [2] The court held a hearing on October 24, 2000, but continued it to allow the parties to gather evidence regarding whether Bailey's supervised release period had expired prior to issuance of the summons. At the continuation of the hearing on November 17, the court determined that the period ended after the summons was issued. The court therefore concluded that it had jurisdiction over Bailey's supervised release, and, sustaining four of the alleged violations, sentenced him to ten months in prison.

---

[2]     Following completion of his federal prison sentence, Bailey was incarcerated on state convictions in Colorado and Ohio at various times in the 1990s.

On appeal, Bailey challenges only the district court's determination that it had jurisdiction. He contends that because it is undisputed that his supervised release period expired prior to the November 17 hearing, the court was stripped of its jurisdiction over his supervised release. We review the district court's jurisdictional determination de novo. *United States v. Gardner*, 244 F.3d 784, 788 (10th Cir. 2001).

Under the statute governing supervised release that was in effect at the time Bailey committed his crimes, the district court could

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation. . . .

18 U.S.C. § 3583(e)(3). [3] The Federal Rule of Criminal Procedure applicable to the jurisdictional issue is Rule 32.1(a)(2), which provides that "[t]he revocation

---

[3]  Congress subsequently modified § 3583 to more explicitly provide for post-term revocation hearings. *See* § 3583(i) (1994) ("The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and . . . a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."). The district court determined that Congress did not intend § 3583(i) to apply retroactively, *cf. Johnson v. United States*, 529 U.S. 694, 701-02 (2000) (reaching same conclusion with respect to § 3583(h), enacted at same time as § 3583(i)), and focused on whether § 3583(e)(3) allowed the same result.

hearing, unless waived by the person, shall be held within a reasonable time in the district of jurisdiction." The district court relied on § 3583(e)(3) and Rule 32.1(a)(2), as well as the decisions from the four circuits that have addressed the issue, in holding that it had jurisdiction to conduct the hearing because the hearing occurred no more than ten days following expiration of the supervised release period. [4] *See United States v. Jimenez-Martinez*, 179 F.3d 980, 981-82 (5th Cir. 1999); *United States v. Morales*, 45 F.3d 693, 697 (2d Cir. 1995); *United States v. Barton*, 26 F.3d 490, 492 (4th Cir. 1994); *United States v. Neville*, 985 F.2d 992, 996 (9th Cir. 1993).

We agree with the district court, and the other circuits that have addressed the issue, that under § 3583(e)(3) and Rule 32.1(a)(2), a district court has jurisdiction to revoke a term of supervised release where the summons was issued during the term but the revocation hearing was not held until after the term expired, as long as the hearing is held within a reasonable time. As the Fourth Circuit noted, "[i]f the district court were to lose jurisdiction upon the lapse of the term of supervised release, persons who violated the conditions of their release near the end of the supervisory period would be immune to revocation." *Barton*, 26 F.3d at 492. We agree with the other circuits that Congress could not

---

[4] The court determined that the supervised release period ended on either November 7, 8, or 9, 2000.

have intended such a result. *See, e.g.*, *Morales*, 45 F.3d at 700. Bailey does not argue that the district court failed to conduct its revocation hearing within a reasonable time here.

Bailey contends that because § 3583 as it existed in 1990 did not specifically provide for a post-term revocation hearing, subsequent judicial interpretations of the statute to allow such a hearing violate the Ex Post Facto Clause. Technically, because he challenges judicial interpretations of a statute rather than the statute itself, Bailey raises a due process argument rather than one based directly on the Ex Post Facto Clause. *United States v. Capps*, 77 F.3d 350, 354 (10th Cir. 1996) ("Though the Ex Post Facto Clause serves to limit legislative power, an unforeseeable judicial enlargement of a criminal statute, applied retroactively, can function like an ex post facto law, and violate the Due Process Clause."). Regardless of which clause applies, we reject his argument both because he cites no authority from this or any other court interpreting § 3583 in the manner he seeks and because interpreting § 3583(e)(3) and Rule 32.1(a)(2) to allow post-term revocation hearings is clearly foreseeable. *See id.* Any statement to the contrary in *United States v. Smith*, 982 F.2d 757, 762 (2d Cir. 1992), on which Bailey relies, is at best mere dictum and obviously not the law of this circuit.

Bailey contends that the fact that § 3583 was amended in 1994 to allow such a hearing, *see* § 3583(i), somehow means that it must not have provided for such hearings previously. We conclude this change simply made absolutely clear Congress's previous intent. *See Morales*, 45 F.3d at 701. We also reject his argument that he should be given credit for being on supervised release for the time his parole from custody on a state of Colorado conviction was delayed due to his filing a habeas petition challenging his Colorado conviction. He was still imprisoned in connection with a state conviction, and such time does not count as supervised release. *See* 18 U.S.C. § 3624(e).

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED.