**UNITED STATES of America,**
**Appellee,**

v.

**Visanh NANTHALANSY, Defendant–**
**Appellant.**

No. 02–1778.

United States Court of Appeals,
Second Circuit.

July 9, 2003.

Gerald T. Walsh, Zdarsky, Sawicki & Agostinelli, Buffalo, New York, for Appellant.

Gregory L. Brown, Assistant United States Attorney for the Western District of New York, Buffalo, New York (Michael A. Battle, United States Attorney, Western District of New York, on the brief), for Appellee.

PRESENT: STRAUB, POOLER, Circuit Judges, and HURD,* District Judge.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 9th day of July, two thousand and three.

---

* The Honorable David N. Hurd, United States District Judge for the Nothern District of New York, sitting by designation.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant-appellant Visanh Nanthalansy appeals the sentence of 11 months' incarceration imposed for violation of the term of his supervised release that he was not to leave the judicial district without permission. On appeal, defendant argues that the District Court did not have jurisdiction over his supervised release violation. For the reasons that follow, we disagree and affirm.

After pleading guilty to a bank robbery, defendant was sentenced on January 17, 1995 by the Western District of New York (Richard J. Arcara, *Judge*) to a 71-month term of incarceration, followed by a 3-year term of supervised release. Following completion of his prison term, defendant commenced supervision on June 25, 1999. On October 12, 1999, defendant was arrested for armed robbery of a jewelry store in Hamilton, Ontario, an offense for which he was later convicted. Upon learning of the arrest, the Probation Department of the Western District of New York filed a Petition for Warrant for Offender Under Supervision, charging defendant with violating the terms of his supervised release by possessing a firearm and leaving the Western District of New York without permission.[2]

On October 27, 1999, the District Court directed that an arrest warrant and summons be issued for defendant. The arrest warrant was issued the next day, and the summons issued on November 22, 1999. However, because defendant was in prison in Canada for the armed robbery, the summons was returned as unexecuted on March 16, 2000. On June 24, 2002, while defendant was still in Canadian custody, defendant's 3-year term of supervised release expired. Defendant was released from prison in Canada on October 7, 2002, after having served a 3-year term for the armed robbery, and turned over to the United States Marshals' Service for the Northern District of New York, which returned him to the Western District of New York. After an initial appearance, and briefing on the issue of whether the District Court retained jurisdiction over defendant's supervised release, the District Court determined that it had retained jurisdiction. On November 14, 2002, defendant pleaded guilty to Charge No. 2 of the amended petition (leaving the judicial district without permission), reserving the right to appeal the jurisdictional issue, and was sentenced on November 27, 2002 to 11 months' imprisonment.

Defendant argues that the District Court was without jurisdiction to revoke his supervised release because it was not reasonable to have a revocation hearing nearly three years after the petition was filed, and more than three months after the expiration of defendant's supervised release term. We disagree. First, the petition was filed well within the period of supervised release—indeed, almost immediately after the violation. Second, as the defendant is well aware, any delay from the time the petition was filed until his revocation hearing was due entirely to his flight from the jurisdiction. As the District Court pointed out, it would be an unusual result indeed if appellant could avoid the consequences of violating the terms of his supervised release simply by fleeing the jurisdiction, in violation of the terms of his supervised release. And fi-

---

**2.** An amended petition was filed on November 16, 1999, charging Nanthalansy with two additional violations of supervised release: failure to refrain from committing another federal, state or local crime, and failure to notify his probation officer within 72 hours of being arrested.

nally, the revocation of his supervised release occurred just a few months after the expiration of his supervised release term, with the process beginning expeditiously upon defendant's return to the jurisdiction by the Canadian authorities. We therefore conclude that the revocation took place "within a reasonable time," consistent with *United States v. Morales*, 45 F.3d 693, 697 (2d Cir.1995),[3] and the District Court had jurisdiction.

Accordingly, the judgment of the District Court is hereby AFFIRMED.

---

**3.** That jurisdiction over supervised release can extend for a reasonable time after the period of supervised release expires, as *Morales* held, has since been codified at 18 U.S.C. § 3583(i).

