**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4034

DANIEL LEE GOLDNER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
Frank W. Bullock, Jr., Chief District Judge.
(CR-95-318)

Submitted: June 30, 1998

Decided: August 5, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daniel Lee Goldner was convicted of conspiracy to pass counterfeit federal reserve notes, in violation of 18 U.S.C.A. § 371 (West 1996 & Supp. 1998), and passing counterfeit federal reserve notes, in violation of 18 U.S.C.A. §§ 472 (West 1976 & Supp. 1998) & 2 (West 1969). On August 22, 1995, he was sentenced in the United States District Court for the Northern District of Ohio to three months imprisonment, to be followed by two years of supervised release. Jurisdiction in Goldner's case was transferred to the United States District Court for the Middle District of North Carolina in December 1995.

On September 23, 1997, Goldner's probation officer filed a petition alleging that Goldner had violated several conditions of his supervised release. Goldner was arrested on October 8, 1997, and brought before a United States magistrate judge for an initial appearance. Eight days later, the magistrate judge conducted a detention hearing and initial supervised release hearing. The magistrate judge found probable cause to believe Goldner had committed the offenses alleged in the petition and that it was unlikely that Goldner would comply with the conditions of release. Therefore, the magistrate judge ordered that Goldner be detained pending a final hearing on the alleged violations.

On November 24, 1997, Goldner appeared before the district court for a final hearing on the alleged violations. The court revoked Goldner's supervised release and sentenced him to five months imprisonment. Goldner appeals that revocation and the resulting five month sentence. His attorney has filed a brief in accordance with Anders v. California,**1** raising two issues but stating that in his view, there are

_____

**1** 386 U.S. 738 (1967).

2

no meritorious issues for appeal. Goldner has been informed of his right to file a pro se supplemental brief but has not done so. We find the claims raised by counsel to be without merit and, after a review of the record, we affirm the conviction and sentence.

First, Goldner contends that the district court failed to afford him a preliminary hearing under Federal Rule of Criminal Procedure 32.1(a)(1), and therefore, lacked jurisdiction to revoke his supervised release. We disagree. As the record clearly demonstrates, Goldner appeared before a magistrate judge for an initial appearance the very day he was arrested. He appeared before the magistrate judge again eight days later for a hearing on the Government's motion for detention and for an initial supervised release violation hearing. At this latter hearing, the magistrate judge found probable cause to believe that Goldner had committed the offense charged in the revocation petition and that it was unlikely that Goldner would comply with the conditions of release. Consequently, the magistrate judge ordered that Goldner be detained. Therefore, we find no facts in the record which support Goldner's contention that he was not afforded a preliminary hearing as required under Fed. R. Crim. P. 32.1(a)(1).

Second, because the final hearing at which Goldner's supervised release was revoked was held thirty-eight days after his term of supervised release had expired, Goldner contends that the district court no longer had jurisdiction to revoke his supervised release. We specifically addressed this issue in United States v. Barton,[2] and held that "courts retain jurisdiction to hold hearings related to revocation of supervised release for a reasonable period after the term of release expires when a petition charging a violation of the conditions of supervised release is filed during the period of supervised release."[3] In the instant case, the violation petition was timely filed during the supervised release period, and Goldner's final hearing occurred within a reasonable period, after his term of release expired. Therefore, we find Goldner's argument to be without merit.

In accordance with Anders, we have examined the entire record in
_____

[2] 26 F.3d 490 (4th Cir. 1994).

[3] **Barton**, 26 F.3d at 491.

3

this case and find no reversible error. We therefore affirm the revocation and sentence. Additionally, we deny Goldner's counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid in the decisional process.

<u>AFFIRMED</u>

4