**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 99-4733

JERMAINE ERIC WHITESIDE,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 99-4734

JERMAINE ERIC WHITESIDE,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-99-686-GRA, CR-98-904-GRA)

Submitted: March 10, 2000

Decided: July 11, 2000

Before MICHAEL and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leesa Washington, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jermaine Eric Whiteside appeals his conviction and sentence after a guilty plea to bank fraud in violation of 18 U.S.C. § 1344 (1994) (No. 99-4734), and the district court's revocation of a previously imposed term of supervised release (No. 99-4733). Whiteside's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that, in her view, there are no meritorious grounds for appeal. Whiteside has filed a pro se supplemental brief raising one additional issue, ineffective assistance of counsel. Finding no reversible error, we affirm.

Whiteside first questions whether the district court conducted a proper guilty plea colloquy in accordance with Fed. R. Crim. P. 11. Following a de novo review of the entire record, we conclude that the district court complied with all the mandates of Rule 11 in accepting Whiteside's guilty plea. See Fed. R. Crim. P. 11; United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (providing standard).

Next, Whiteside raises the issue of whether his sentence was properly calculated. We have considered Whiteside's claim and find it meritless. We find no plain error in the calculation of Whiteside's sentence because it was properly computed under the Sentencing Guidelines.

2

Whiteside also questions whether the district court properly complied with the requirements of 18 U.S.C.A. § 3583 (West 1984 & Supp. 1999) in revoking his previously imposed term of supervised release. Because the district court revoked Whiteside's supervised release nearly nine months after its expiration, Whiteside contends that the court no longer had jurisdiction over this matter. Jurisdiction is a question of law subject to de novo review. See United States v. Barton, 26 F.3d 490, 491 (4th Cir. 1994). This court specifically addressed this issue in Barton, holding that "courts retain jurisdiction to hold hearings related to revocation of supervised release for a reasonable period after the term of release expires when a petition charging a violation of the conditions of supervised release is filed during the period of supervised release." Id.; see also 18 U.S.C.A. § 3583(i) (West Supp. 1999); United States v. Neville, 985 F.2d 992, 994-99 (9th Cir. 1993).

Although a nine month delay is certainly significant, we find that Whiteside's revocation hearing was not unreasonably delayed. First, Whiteside failed to appear at a pretrial conference on the bank fraud charges on January 21, 1999. The district court issued a bench warrant on February 22, 1999, and Whiteside remained a fugitive until May 10, 1999. Second, delaying Whiteside's revocation hearing until the underlying federal charges of bank fraud were resolved helped to conclusively establish his violation of supervised release. Third, Whiteside failed to request an earlier resolution of his supervised release violation. Fourth, the paperwork transferring jurisdiction from the Middle District of Alabama was not completed until June 1, 1999. Finally, we find that Whiteside failed to demonstrate that he was prejudiced by the delay. See United States v. Rasmussen, 881 F.2d 395, 398 (7th Cir. 1989) (applying similar factors to a thirteen month delay before a revocation of parole hearing). Accordingly, we find that the district court retained jurisdiction after the expiration of Whiteside's supervised release term and that Whiteside's claim is without merit.

In his pro se supplemental brief, Whiteside contends that he received ineffective assistance of counsel, presumably for counsel's failure to pursue a prompt revocation hearing prior to the resolution of the bank fraud charges. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate

3

development of the record, Whiteside must bring his claim in a motion under 28 U.S.C.A. § 2255 (West Supp. 1999). <u>See United States v. Hoyle</u>, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. <u>See King</u>, 119 F.3d at 295. Because review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we find that Whiteside's claim is without merit.

As required by <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Whiteside's conviction and sentence for bank fraud (No. 99-4734), and the district court's revocation of his previously imposed term of supervised release (No. 99-4733). This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>