**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4022**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

RONALD MICHAEL MCCRARY,

                    Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Rebecca Beach Smith, District
Judge.  (2:07-cr-00037-RBS-TEM-1)

_____

Submitted:  April 26, 2010          Decided:  May 14, 2010

_____

Before NIEMEYER, DUNCAN, and DAVIS, Circuit Judges.

_____

Vacated by unpublished per curiam opinion.

_____

G. Godwin Oyewole, ATLANTIC LEGAL FOUNDATION, INC., Washington,
D.C., for Appellant.  Laura Marie Everhart, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On December 11, 2007, following a supervised release hearing, the district court found that Ronald Michael McCrary violated the terms of his supervised release, and imposed a 160-day sentence, with credit for time served. The district court also placed McCrary on supervised release for a period of three years following his release, ordered that he complete a six-month residential drug treatment program, and ordered that he receive substance abuse treatment and counseling for the duration of his supervised release term. On December 20, 2007, the district court amended its order, nunc pro tunc, to state that upon release from confinement, McCrary shall be on supervised release for a term of 205 days.

While it is unclear exactly when McCrary was released from confinement, it is apparently undisputed that his supervised release term began no later than December 20, 2007. It further appears undisputed that McCrary had been in custody awaiting a final supervised release hearing and sentencing on violations from on or about March 19, 2007 until on or about May 1, 2007, and again from on or about August 27, 2007 until sometime between December 11, 2007 (the date of the final hearing on the violations) and December 20, 2007 (the date the district court entered its nunc pro tunc order). Thus, it appears that when the district court imposed the 160-day

2

sentence on December 11, 2007, McCray had served approximately 149 days in custody and was entitled to credit against his 160-day sentence of at least 149 days. Accordingly, it would appear that, assuming the district court intended to retain jurisdiction over the matter for a period of approximately one year after the final hearing (160 days plus 205 days), the district court may have misapprehended the effect of the period McCrary had been in custody when it entered its nunc pro tunc order.

In any event, on November 4, 2008, a United States probation officer filed a revocation petition alleging that McCrary had violated the terms of his supervised release in numerous ways during 2008. On December 16, 2008, following a revocation hearing, the district court found that McCrary had again violated the terms of his supervised release, and sentenced him to a term of 18 months and 20 days' imprisonment. McCrary appealed.

McCrary's counsel has filed a brief with this court, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), concluding that this matter does not present any meritorious issues on appeal. Indeed, as suggested above, counsel seems to aver that the district court intended the 205 days of supervised release to commence 160 days from the date of the nunc pro tunc order. The Government has filed a letter agreeing with

counsel's Anders brief and waiving the right to respond. Nevertheless, the record is clear that the district court (1) ordered that McCrary shall receive credit for the time he spent in custody awaiting final disposition of the violations he committed in 2007 and (2) ordered the 205-day period of supervised release to commence "upon his release from custody." McCrary has filed a pro se supplemental brief that identifies this aspect of the procedural history of this case.

Jurisdiction is a question of law subject to de novo review. United States v. Barton, 26 F.3d 490, 491 (4th Cir. 1994). Once questioned, the party advocating the exercise of jurisdiction bears the burden of demonstrating its existence. Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993). Subject matter jurisdiction cannot be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002).

In his pro se brief, McCrary questions whether the district court had jurisdiction to revoke his supervised release, which he maintains had previously expired, and/or to sentence him to a term of imprisonment. McCrary cites to the district court's amended order of December 20, 2007, which set his term of supervised release at 205 days, as the basis for his argument. We find that McCrary's argument is meritorious.

Because McCrary's supervision began on December 20, 2007, his 205-day term of supervision expired on or

4

about July 12, 2008, absent further modification, which it does not appear occurred. As the probation officer did not file a revocation petition until November 4, 2008, the district court lacked jurisdiction to revoke McCrary's supervised release, as his term had already expired, much less to sentence him to a term of imprisonment. See, e.g., 18 U.S.C. § 3583(i) (2000) (A court may revoke a term of supervised release after the supervised release term expires "if, before its expiration, a warrant or summons has been issued on the basis of an allegation of [] a violation."); see also Barton, 26 F.3d 490, 491-92 (Courts retain jurisdiction to hold hearings related to revocation of supervised release for a reasonable period after the term of release expires when a petition charging a violation of the conditions of supervised release is filed during the period of supervised release.). Accordingly, we vacate the district court's judgment.

VACATED