**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4853

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LENNY LYLE CAIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:06-cr-00551-RDB-3)

Submitted:  May 9, 2014                      Decided:  May 28, 2014

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary A. Ticknor, Columbia, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lenny Lyle Cain appeals the district court's judgment revoking his supervised release and sentencing him to six months in prison to be served consecutively to his prison sentence in another federal criminal case. On appeal, Cain contends that the district court erred in denying his motion to dismiss the petition on supervised release because it was filed beyond the expiration of the supervised release term. We affirm.

After Cain's case was remanded to the district court, the court resentenced him on February 19, 2010 to a prison term that was shorter than the time he had already served and reduced his supervised release term to two years and seven months, or 31 months. The court ordered that he should be released that day and stated that his supervised release term would begin, but since he was being detained pursuant to a state writ, the court also ordered him remanded to the U.S. Marshal. He was not in fact released by the Bureau of Prisons until six days later, on February 25, 2010. On September 20, 2012, Cain was arrested and charged with offenses in another case. On September 24, 2012, the probation officer filed a petition on supervised release alleging violations based on the new criminal conduct, and the court ordered that a warrant be issued the same day.

At the revocation hearings, Cain argued that his supervised release term began on February 19, 2010, and he moved

2

to dismiss the petition on supervised release for lack of jurisdiction. The Government argued that the supervised release term did not begin until Cain was actually released on February 25, 2010, and the petition was timely filed. The district court ruled that the supervised release term began on February 25, 2010, and the court denied the motion to dismiss.

Thus, the issue in this case is whether the district court erred in this ruling. This is a question of law, which we review de novo. See United States v. Neuhauser, 745 F.3d 125, 127 (4th Cir. 2014); United States v. Winfield, 665 F.3d 107, 109 (4th Cir. 2012); United States v. Buchanan, 638 F.3d 448, 451 (4th Cir. 2011); United States v. Barton, 26 F.3d 490, 491 (4th Cir. 1994). As it is undisputed that Cain was not released by the Bureau of Prisons until February 25, 2010, we conclude that the district court correctly ruled that his supervised release began on that date and correctly denied his motion to dismiss the petition on supervised release. See United States v. Johnson, 529 U.S. 53 (2000); Neuhauser, 745 F.3d 125.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3