**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4415**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMEIA DANTE GARVIN, a/k/a Dante,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Margaret B. Seymour, Senior District Judge.  (5:10-cr-00665-MBS-8)

Submitted:  October 17, 2019                    Decided:  October 24, 2019

Before GREGORY, Chief Judge, and WILKINSON and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Daniel C. Leonardi, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  John David Rowell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jameia Dante Garvin appeals from the district court's judgment revoking his supervised release, sentencing him to eight months' imprisonment, and imposing an additional two years of supervised release. Garvin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court had jurisdiction to revoke Garvin's supervised release because it held the hearing after his supervision term expired. Garvin has filed a pro se supplemental brief further contending that the district court erred in failing to inquire into his competency and that his sentence is unreasonable. Although we affirm the revocation of Garvin's supervised release, we conclude that Garvin's sentence is procedurally unreasonable and vacate and remand for resentencing.

First, we reject counsel's challenge to the district court's jurisdiction. "[C]ourts retain jurisdiction to hold hearings related to revocation of supervised release for a reasonable period after the term of release expires when a petition charging a violation of the conditions of supervised release is filed during the period of supervised release." *United States v. Barton*, 26 F.3d 490, 491 (4th Cir. 1994). Here, the petition was filed before the expiration of Garvin's supervised release, and the district court held the revocation hearing less than two months after Garvin was arrested. We conclude that this minor delay was reasonable.

Second, we conclude that the district court did not plainly err in failing to question sua sponte Garvin's competence. *See United States v. Dreyer*, 705 F.3d 951, 960 (9th Cir. 2013). "[A]t any time after the commencement of . . . supervised release and prior to the

completion of the sentence," the district court must order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (2012). "Whether reasonable cause exists is a question left to the sound discretion of the district court." *United States v. Bernard*, 708 F.3d 583, 592 (4th Cir. 2013) (internal quotation marks omitted). "Reasonable cause may be established through evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." *Id.* at 592-93 (internal quotation marks omitted).

While Garvin states on appeal that he was under the influence of medication and could not understand the proceedings, the record does not support his contention. During his allocution, Garvin recognized that he had violated the terms of supervised release and understood that the court had the power to imprison him and order a further term of supervision. Accordingly, we conclude that the district court did not plainly err in failing to order sua sponte a competency hearing.

Finally, we conclude that Garvin's sentence is procedurally unreasonable. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we

3

must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). We generally employ the same procedural and substantive considerations that guide our review of original sentences. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). A revocation sentence is procedurally reasonable if the district court adequately explains the "sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e) (2012).

"[A] district court, when imposing a revocation sentence, must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208. An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (brackets and internal quotation marks omitted). "[W]here a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied." *Slappy*, 872 F.3d at 209.

Here, the district court's explanation only cited the statutory factors applicable to revocation sentences. The district court offered no explanation as to how the factors applied to the unique circumstances of Garvin's case. Moreover, Garvin offered several

4

arguments for why the district court should impose a sentence of time served and no further supervision, and the court did not address a single one of these arguments.

Furthermore, we conclude that Garvin's sentence is plainly unreasonable. To be plainly unreasonable, a sentence must "run afoul of clearly settled law." *Thompson*, 595 F.3d at 548. The requirement that a district court offer a sufficient explanation for a revocation sentence is well settled in this Circuit.[*] *See Slappy*, 872 F.3d at 209-10 (collecting cases).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. Accordingly, although we affirm the revocation of Garvin's supervised release, we vacate Garvin's sentence and remand for resentencing. This court requires that counsel inform Garvin, in writing, of the right to petition the Supreme Court of the United States for further review. If Garvin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Garvin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

---

[*] Because we conclude that Garvin's sentence is procedurally unreasonable, we have not considered the substantive reasonableness of the sentence. *See Slappy*, 872 F.3d at 210.