**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4052**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY BAXTER STALLINGS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:91-cr-00214-TDS-1)

———————

Submitted:  August 27, 2025                     Decided:  November 25, 2025

———————

Before WILKINSON, AGEE, and BENJAMIN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Nicole Royer DuPre, Assistant United States Attorney, Jacob Darriel Pryor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Baxter Stallings appeals the district court's judgment revoking his supervised release and imposing a sentence of eight months' imprisonment. On appeal, Stallings's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court had jurisdiction to revoke Stallings's supervised release. Stallings has not filed a pro se supplemental brief.[1] The Government has declined to file a response brief. We affirm.

We "review de novo a challenge [to] a district court's jurisdiction to rule upon alleged violations of supervised release." *United States v. Winfield*, 665 F.3d 107, 109 (4th Cir. 2012). In the *Anders* brief, counsel notes that the district court revoked Stallings's original supervised release term in November 2023, sentenced Stallings to seven months' imprisonment, and imposed an additional, 36-month term of supervised release. Counsel questions whether the district court had jurisdiction to impose the additional term of supervised release; specifically, counsel questions whether the version of 18 U.S.C. § 3583 in effect at the time of Stallings's underlying offenses authorized the imposition of additional supervision upon revocation. In turn, counsel questions whether, in the instant case, the court had jurisdiction to revoke the 36-month term and imprison Stallings, particularly given that the probation officer filed the relevant revocation petition months after Stallings's original supervised release term would have expired.

---

[1] The court was unable to notify Stallings of his right to file a pro se supplemental brief because his whereabouts are unknown.

We have reviewed the record and conclude that the district court had jurisdiction to revoke Stallings's supervised release. This court has squarely held that the version of § 3583 in effect at the time of Stallings's offenses authorized district courts "to impose a new term of supervised release following re-incarceration for violations of the original supervised-release term." *Id.* at 110 (citing *Johnson v. United States*, 529 U.S. 694, 706-07 (2000)); *see id.* at 111. Accordingly, the district court had jurisdiction to impose the additional 36-month term of supervised release following the November 2023 revocation. And because that additional term had not expired when the probation officer petitioned to revoke Stallings's supervised release, the district court had jurisdiction to revoke him and impose the instant eight-month sentence. *See United States v. Barton*, 26 F.3d 490, 492 (4th Cir. 1994) (holding that district court has jurisdiction to "hold hearings on petitions relating to violations of the conditions of supervised release that were filed during the pendency of the term of supervised release").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Stallings, in writing, of the right to petition the Supreme Court of the United States for further review.[2] If Stallings requests that a petition be filed, but counsel believes that such a petition would

---

[2] We recognize that counsel may be unable to satisfy this requirement if Stallings's whereabouts remain unknown.

3

be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stallings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*