NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1150
_____

UNITED STATES OF AMERICA

v.

LYNWOOD CARLTON FARMER
a/k/a Lynwood Ingram
a/k/a Derrick Peterson


LYNWOOD CARLTON FARMER,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-92-cr-00529-001)
District Judge: Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2010
_____

Before: SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion Filed: March 11, 2011)


_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Linwood[1] Farmer ("Farmer") appeals the sentence imposed on December 30, 2009 revoking his term of supervised release, imposing a term of imprisonment of time served, and imposing an additional three year period of supervised release in the United States District Court for the Eastern District of Pennsylvania. Farmer contends that the District Court lacked jurisdiction, under 18 U.S.C. § 3583(i), to impose an additional term of supervised release. Further, Farmer asserts that even if the District Court had jurisdiction, the December 30, 2009 order impermissibly tolled, rather than revoked, Farmer's supervised release. Alternatively, Farmer seeks the limited relief of remanding the matter to the District Court to credit Farmer's four and one-half months' imprisonment prior to the December 30, 2009 sentence date against the newly imposed three year term of supervised release. We will affirm Farmer's sentence, but will remand the matter to the District Court to credit Farmer's four and one-half months' imprisonment.

## I. **BACKGROUND**

We write primarily for the benefit of the parties and recount only the essential facts.

On January 29, 1993, Farmer pled guilty to conspiracy, in violation of 18 U.S.C. § 371, and interstate transportation of stolen property and aiding and abetting, in violation of 18 U.S.C. §§ 2314 and 2. On May 5, 1993, Judge James T. Giles sentenced Farmer to a term of 18 months' imprisonment, followed by three years of supervised release.

---

[1] Linwood is spelled incorrectly in the caption.

Farmer faced similar charges in Pennsylvania county courts and began serving state prison sentences. On July 6, 1994, Farmer was paroled from state custody. On September 29, 1994, Farmer appeared before a Magistrate Judge and was released on $50,000 bond. He was ordered to report to Pretrial Service on or before October 6, 1994. On October 6, 1994, Farmer's supervised release commenced.[2] Farmer did not report to the United States Probation Office. On October 27, 1994, Judge Giles entered an order amending Farmer's sentence to be made "concurrent with the state time served such that he will have served his federal sentence." (App. at 15.) Judge Giles affirmed the prior judgment in all other respects. (Id. at 15-17.) The District Court issued an arrest warrant on March 29, 1995 after the United States Probation Officer submitted a petition for violation of supervised release due to Farmer's failure to report.

On October 2, 2000, Farmer appeared at a revocation hearing for violating his supervised release. At this time, Farmer had been serving a sentence in state prison for three years. He contended that Judge Giles had vacated Farmer's prior sentence and imposed a sentence of time served. Judge Giles concluded that he did not vacate Farmer's sentence and the October 27, 1994 order did not relieve Farmer of his

---

[2] According to the Probation Officer, Farmer's supervised release commenced on October 6, 1994 as that was the time he became available for supervised release. (App. at 20.) Farmer contends that his supervised release commenced on July 6, 1994, the day he was paroled from state prison, pursuant to 18 U.S.C. § 3624(e). 18 U.S.C. § 3624(e) states that the "term of supervised release commences on the day the person is released from imprisonment and runs concurrently . . . ." Id. Our analysis is not affected by the conflicting dates of Farmer's commencement of supervised release, thus we do not need to resolve the dispute.

supervised release term.  Judge Giles did not impose incarceration, but did impose a renewed term of supervised release, to begin on the date Farmer would be released from state custody.  Judge Giles further stated at the hearing that,

> The defendant will satisfy the conditions of supervised release following his release from state confinement.  He is to report within twenty-four hours to the Probation officer when released from – from state confinement.
>
> Because the defendant did not report as he was required to report and was, therefore, in violation of the terms of supervised release, the period of supervised release has not run.  The supervised release was tolled.
> . . . .
> He is to do supervised release of three years independent of the state sentence which is now being served.

(Id. at 47-48.)  Judge Giles further stated that a conviction against Farmer on pending charges he had in Virginia could constitute a violation of his supervised release, if it involved criminal conduct which occurred during the term of supervised release.  Judge Giles also issued a clarifying written order on October 2, 2000, stating,

> [A]fter hearing in open court on the violation of supervised release, with defendant and counsel being present, and the Court finding the defendant in violation of certain conditions of supervised release, it is
>
> ORDERED AND ADJUDGED that the order of supervised release entered in the above case is revoked, and it is
>
> FURTHER ORDERED AND ADJUDGED that upon release from state imprisonment, the defendant shall be on federal supervised release for a term of THREE (3) YEARS, independent of the state sentence that is now being served.

4

> The defendant must report to the Federal Probation Office
> within 24 hours from his release from state imprisonment.

(Id. at 51.)

Farmer began his second three year term of supervised release in October 2002, pursuant to the October 2, 2000 order. On June 16, 2003, Judge Giles granted a second petition for issuance of a warrant to arrest Farmer for failure to report to his federal probation officer.

Farmer did not appear until August 4, 2009, when he was taken into federal custody in the Eastern District of Pennsylvania. On December 30, 2009, Farmer appeared before Judge R. Barclay Surrick, contending that he was not on supervised release at the time he failed to report in 2003 because Judge Giles' October 2, 2000 order impermissibly imposed "tolling," modifying, or extending supervised release. Farmer further argued that Judge Giles' oral pronouncement controlled over the October 2, 2000 written order which had explicitly revoked supervised release.

Judge Surrick found that "[b]ased upon the entire record in this matter, and after hearing the arguments of counsel . . . Judge Giles when he was dealing with this matter in the year 2000 did, in fact, as his order indicates, revoke supervised release and reimpose a term of three years of supervised release . . . ." (Id. at 81.) He further held that Farmer had violated the terms and conditions of his supervised release by failing to report to his probation officer in 2003 and as a result, Judge Surrick revoked the supervised release.

5

He imposed a term of supervised release "minus the time that he has been in custody," from August 2009-December 2009. (Id. at 83-84.)

On January 12, 2010, Judge Surrick issued a written order finding that Farmer violated the terms and conditions of his supervised release imposed by Judge Giles on October 2, 2000 and revoked supervised release. He further stated,

> Defendant is committed to the custody of the U.S. Bureau of Prisons to a term of four (4) months with credit for time served from August 2009. Upon his release Defendant is again placed on supervised release for a period of three (3) years on the terms and conditions previously imposed.

(Id. at 2.1.)

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction to revoke supervised release, pursuant to 18 U.S.C. § 3583.[3] We have jurisdiction to review a final order of the District Court, pursuant to 28 U.S.C. § 1291.

We exercise plenary review over jurisdictional issues. United States v. Sczubelek, 402 F.3d 175, 178 (3d Cir. 2005).[4] A district court's interpretation of its own order is

---

[3] Farmer argues on appeal that the District Court lacked jurisdiction under § 3583(i). We address this argument below.

[4] The government argues that Farmer did not raise his jurisdictional argument before the District Court and we should accordingly review for plain error. However, subject matter jurisdiction can never be waived and "a court must satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (citation and internal quotation marks omitted). A claim "that the court lacked jurisdiction may be raised for the first time on appeal," United States v. DiSanto, 86 F.3d 1238, 1244 (1st Cir. 1996), and "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court,"

reviewed for abuse of discretion. Gibbs v. Frank, 500 F.3d 202, 206 (3d Cir. 2007). We review "purely legal" errors de novo. United States v. Arrelucea-Zamudio, 581 F.3d 142, 145 (3d Cir. 2009).

### III. ANALYSIS

Farmer asserts that on October 2, 2000, the District Court lacked jurisdiction to reimpose a term of supervised release and on December 30, 2009, the District Court lacked jurisdiction to impose any penalty or condition. He contends that (1) the District Court lacked authority under § 3583(i) to toll or suspend the supervised release period; (2) the warrants issued on March 29, 1995 and June 12, 2003 were ineffective to establish jurisdiction because they were not supported by evidence under oath, as required by § 3583(i); (3) even if the District Court had jurisdiction, Judge Giles impermissibly tolled Farmer's supervised release; and (4) the District Court's written order does not reflect that four and one-half months should be subtracted from the renewed term of supervised release.

Section 3583(i) states that the "power of the court" to revoke a term of supervised release "extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). However, Section 3583(i) does not apply to

United States v. Cotton, 535 U.S. 625, 630 (2002). We find no support for the government's assertion and apply a plenary standard of review.

7

Farmer's case. Farmer pleaded guilty on January 28, 1993 and the statute did not become effective until September 13, 1994.

Farmer argues that the statute has retroactive effect. We disagree. "[W]hen a statute has no effective date, 'absent a clear direction by Congress to the contrary, [it] takes effect on the date of its enactment.'" Johnson v. United States, 529 U.S. 694, 702 (2000) (citation omitted). In particular, the Supreme Court held in Johnson that § 3583(h), enacted with § 3583(i), "applies only to cases in which [the] initial offense occurred after the effective date of the amendment, September 13, 1994." Id. Thus, § 3583(i) does not apply to this case.[5] Other Circuits have applied the reasoning in Johnson to hold that § 3583(i) was inapplicable to cases where a defendant's sentencing occurred prior to the effective date of § 3583(i). See, e.g., United States v. Bailey, 259 F.3d 1216, 1218 n.3 (10th Cir. 2001) (declining to apply § 3583(i) because it did not apply retroactively); United States v. Morales, 45 F.3d 693, 696 n.1 (2d Cir. 1995).[6]

The relevant statute to determine whether the District Court had jurisdiction over Farmer's case is § 3583(e)(2), the precursor to § 3583(i), because the offense occurred prior to September 13, 1994. See Johnson, 529 U.S. at 702-03 (applying § 3583(e)(3), the precursor to § 3583(h), because the offense occurred prior to September 13, 1994).

_____

[5] We do not need to address whether § 3583(i) required a formally attested statement because § 3583(i) is inapplicable in Farmer's case.

[6] In Sczubelek, this Court literally applied § 3583(i) retroactively, albeit with no discussion of its basis for that application. In the absence of an express holding regarding the retroactivity of § 3583(i), we believe Sczubelek does not stand as an impediment to our finding that § 3583(i) is not retroactive, given the Supreme Court's holding in Johnson.

Section 3583(e)(2) grants courts authority to "extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . . ." 18 U.S.C. § 3583(e)(2). Farmer argues that the District Court only had authority to extend his supervised release under § 3583(e)(2) during the period of supervised release, which he contends expired on July 7, 1997.

The District Court maintains jurisdiction after the supervised release period has ended, so long as proceedings were initiated prior to its termination. We have previously noted that,

> Even before Congress added subsection (i) to § 3583 in 1994, the Courts of Appeals for the Fourth and Ninth Circuits held that, even if the term of supervised release had expired, a district court could hold a hearing and revoke the defendant's supervised release as long as some formal revocation proceeding had begun within the term of supervised release – whether it be a warrant, summons, an order to show cause, or a petition charging a violation of supervised release.

Sczubelek, 402 F.3d at 179 (citing United States v. Neville, 985 F.2d 992, 995-96 (9th Cir. 1993); United States v. Barton, 26 F.3d 490 (4th Cir. 1994)); see also United States v. Bazzano, 712 F.2d 826, 835 (3d Cir. 1983) (holding that the court could revoke probation after termination of the revocation period if formal revocation proceedings were commenced); Franklin v. Fenton, 642 F.2d 760, 764 (3d Cir. 1980) (holding that the

9

issuance of a warrant after parole was permissible because the original warrant was issued prior to the expiration).

In this case, the District Court had jurisdiction over the October 2, 2000 revocation (even if Farmer's supervised release period terminated in 1997) because an arrest warrant was initiated on March 29, 1995 (which was prior to the termination of the initial term of supervised release). See Sczubelek, 402 F.3d at 179. Similarly, the District Court had jurisdiction over the December 30, 2009 revocation, despite the fact that Farmer's supervised release terminated, because an arrest warrant was initiated on June 16, 2003, prior to the termination of supervised release. See id.

Farmer additionally argues that even if the District Court had jurisdiction over the warrant in October 2, 2000, the District Court's order did not revoke Farmer's supervised release before imposing a new one. As a result, no supervised release existed for the District Court to revoke on December 30, 2009. We reject this argument.

It is an established rule that "when the two sentences are in conflict, the oral pronouncement prevails over the written judgment." United States v. Faulks, 201 F.3d 208, 211 (3d Cir. 2000) (citations omitted). Nonetheless, "[w]hen an orally pronounced sentence is ambiguous . . . the judgment and commitment order is evidence which may be used to determine the intended sentence." United States v. Villano, 816 F.2d 1448, 1451 (10th Cir. 1987). An ambiguity may exist: "(1) when the words used have more than one meaning; (2) when otherwise unambiguous words are used in an unusual way; (3) the

10

extent of the sentence cannot be ascertained from the language used; or (4) the plain meaning of the words used lead to an irrational or absurd result." Id. at 1453 n.6.

Judge Giles in his oral pronouncement stated that Farmer's supervised release had "not run" and "was tolled" because the defendant had violated the terms by failing to report. (App. at 47.) He further stated that if Farmer violated the terms of supervised release, then he would be brought in for a determination of whether or not he violated his supervised release. Judge Surrick did not abuse his discretion in determining that "[b]ased upon the entire record in this matter, and after hearing the arguments of counsel . . . Judge Giles when he was dealing with this matter in the year 2000 did, in fact, as his order indicates, revoke supervised release and reimpose a term of three years of supervised release . . . ." (Id. at 81.)

Farmer finally requests, at a minimum, that the matter be remanded to the District Court for the written order to reflect the sentence pronounced in court, that the time he served in custody from August 2009 to December 2009 be subtracted from his term of supervised release. The government endorses this requested relief. Federal Rule of Criminal Procedure 36 permits a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error . . . arising from oversight or omission." FED. R. CRIM. P. 36. In its oral pronouncement, the District Court imposed 3 years of supervised release "minus the time he has been in custody" from August 2009 to December 2009. (App. 83-84.) The written order commits Farmer to a term of four months with credit for time served from August 2009 and "[u]pon his release Defendant

11

is again placed on supervised release for a period of three (3) years . . . ." (Id. at 2.1.) We will remand to the District Court to modify the written order to reflect the sentence pronounced in court. See FED. R. CRIM. P. 36; Villano, 816 F.2d at 1453 (directing the district court to amend the judgment and commitment order to correct a clerical mistake).

## IV. **CONCLUSION**

For the reasons discussed above, we will affirm Farmer's sentence. We will remand the case to the District Court with directions to modify the written order to reflect the sentence pronounced in court.